**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:23-cv-21610**

CARTER-MIDDLETON INTERNATIONAL, INC.,
    Plaintiff,
v.

CITIBANK, N.A.,

    Defendant.
_____/

**DEFENDANT CITIBANK, N.A.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO REOPEN AND ENFORCE SETTLEMENT AGREEMENT**

    Without first satisfying its required duty to confer in good faith to resolve the issues raised, on October 31, 2023, Plaintiff filed its Motion to Reopen and Enforce Settlement [DE 33]. Plaintiff incorrectly asserts that Citibank is in breach of the parties' Settlement Agreement, that the case should be reopened to enforce the Settlement Agreement, and that Plaintiff is entitled to its attorneys' fees as a result. None of these things is true. Plaintiff falsely claims that counsel reached out to Citibank to resolve this matter in good faith; but if such a conferral had been had, Plaintiff's counsel would have been reminded that, as previously requested, Citibank was waiting for Plaintiff to provide an authentication document for the signature on the wire transfer form required by the Settlement Agreement, the receipt of which would trigger Citibank's obligation to make the wire payment to Plaintiff. Instead, in a case founded on a wire that was frozen based upon suspicious activity, Plaintiff ironically provided an identification *of an entirely different individual*. **Indeed, it was only today, on November 6, 2023, after conferring with Citibank, that Plaintiff's counsel provided a document, that if deemed acceptable by the bank, is necessary to trigger Citibank's payment obligation under the Settlement Agreement—that is, Plaintiff finally provided the previously requested authentication that matched the signature on the wire**

**transfer form.** Citibank's wire department is examining the new documentation and, if it is acceptable, Citibank will wire the funds forthwith, well within the twenty (20) days it has to make the payment pursuant to the Settlement Agreement. This Court should deny Plaintiff's motion for failure to confer as required by the Local Rules, and because as it has no basis.

## INTRODUCTION

Plaintiff claims that Citibank breached the terms of the parties' Settlement Agreement for not having wired $115,172.05 into Plaintiff's counsel's account. However, the Settlement Agreement expressly notes, as a condition to Citibank's payment, that the bank needs receipt of both the executed Settlement Agreement and valid wire transfer form. *See* DE 33-1, Settlement Agreement ¶ II(a). The wire transfer form itself states that "[i]ncomplete information on the request form may delay your receipt of the funds." *See* **Exhibit A**, Wire Request Form at page 2.

Receipt of these completed documents has proven difficult. First, on September 19, 2023, Citibank informed Plaintiff that it could not accept an e-signature on the wire transfer form; rather, the bank required handwritten signatures. Plaintiff provided the requested form with handwritten signatures on September 25, 2023.

Then, on October 2, 2023, Plaintiff was expressly informed that additional authentication would be necessary to confirm the signature on the wire transfer form Plaintiff provided. *See* DE 33 at 4. The form was signed by a Mervyn Isted:

[Signature block image: ORIGINATOR AUTHORIZATION / Authorized Signature (signature) / Print Name: MERVYN ISTED / Date Signed: SEP 25, 2023]

Yet, rather than providing documents authenticating **Mervyn Isted's** signature, on October 2, 2023, Plaintiff provided Citibank with the driver's license of another individual, Elwyn Gareth Isted:



Plaintiff should have provided the identification Mervyn Isted—the individual who signed the wire transfer form, and whose signature Plaintiff knew needed to be authenticated for the form to be deemed valid and to effectuate payment. **It was not until today, on November 6, 2023, that this required authentication was finally provided to Citibank:**



By providing this identification today, Plaintiff essentially has admitted it did not provide Citibank with the completed required forms that triggered any payment under the Settlement Agreement. Worse still, had Plaintiff conferred with Citibank—as required—before filing its

Motion, this would have been sorted without need for this Court's intervention. Now that the required information has been provided (assuming it is sufficient for Cibank's wire department), Citibank intends to fully comply with the terms of the Settlement Agreement and make a timely payment to Plaintiff. Plaintiff's Motion is wholly unecesary and should be denied.

**I.      This Motion Should Be Denied for Plaintiff's Failure to Confer Pursuant to Local Rule 7.1(a)(3)**

On October 31, 2023, without prior conferral or contact with counsel for Citibank after sending the wrong identification to authenticate the wire transfer form, Plaintiff filed its Motion to Reopen and Enforce Settlement. This failure to confer goes to the very reason the rule was created. Had Plaintiff met and conferred before filing, it would not have been necessary for it to file the instant motion. Instead, Plaintiff would have realized its own error and sent the correct identification like it did today, and Citibank's and this Court's time would not have wasted. Citibank was not refusing to comply with the Settlement Agreement, as Plaintiff wrongfully asserts, and which Plaintiff would have known had it met and conferred.

Local Rule 7.1(a)(3) applies to motions such as the one raised here, and requires that "counsel for the movant . . . confer (orally or in writing), or make reasonable effort to confer (orally or in writing), with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve by agreement the issues to be raised in the motion." While Plaintiff includes a Rule 7.1(a)(3) certification in its motion, no such conferral efforts were ever made. In fact, Plaintiff's counsel last reached out to undersigned counsel on October 2, 2023—nearly a month before the instant motion was filed.[1] In response, Citibank's counsel informed Plaintiff that

---

[1] On October 2, 2023, Plaintiff's counsel informed of its intent to enforce the Settlement Agreement, to which Citibank responded that it needed authentication of the signature on the wire transfer form. This was not a meet and conferral communication for the instant Motion.

- 4 -

it needed to provide identification of the signatory of the wire transfer form. Rather than doing so, however, Plaintiff provided the wrong identification, leaving the parties in limbo until November 6, 2023, when Plaintiff finally provided the requested document for the wire transfer form to be authenticated and thus deemed sufficient.

"A party's failure to comply with the Local Rules provides grounds to deny outright a request for relief."[2]  Indeed, denial of the motion is especially appropriate here, when "meaningful conferral by responsible and ethical counsel could . . . have prevented this matter from being raised" before this Court. *Wardak v. Goolden*, No. 1:19-cv-21121-RAR, 2020 U.S. Dist. LEXIS 165736, at *13 (S.D. Fla. Sep. 8, 2020) ("The Court sees no valid reason why Defendants should be excused from the requirement that they confer before the filing of these Motions and their failure to do so is sufficient, under Local Rule 7.1(a)(3), to deny the Motions."), report and recommendation adopted by J. Ruiz at *Wardak v. Goolden*, No. 19-CIV-21121-RAR, 2020 U.S. Dist. LEXIS 214195, at *1 (S.D. Fla. Nov. 16, 2020).

II. **Citibank Did Not Breach the Settlement Agreement as it Did Not Receive the Required Authentication of the Wire Transfer Form Signature until November 6, 2023, a Prerequisite to any Payment Obligation under the Settlement Agreement**

The Motion also fails on the merits, as Citibank did not breach the Settlement Agreement. Citibank's payment obligation under the Settlement Agreement is contingent upon the receipt of a completed wire transfer form, which itself states that "[i]ncomplete information on the request

---

[2] *Prince v. IDES*, No. 21-CV-60575, 2021 U.S. Dist. LEXIS 150639, at *3 (S.D. Fla. Aug. 11, 2021) (denying motion for failure to comply with Local Rule 7.1(a)(3) and citing *Feinschreiber v. Ocwen Loan Servicing, LLC*, No. 1:18-CV-22381-JLK, 2019 U.S. Dist. LEXIS 189378, 2019 WL 4694301, at *2 (S.D. Fla. Feb. 26, 2019) (collecting cases)); *see also Estate of Reed v. Nat'l Specialty Ins. Co.*, No. 19-23178-CIV, 2020 U.S. Dist. LEXIS 135423, at *11 (S.D. Fla. July 29, 2020) (when plaintiff's counsel falsely represented he had conferred with opposing counsel regarding the requested relief, the "misrepresentation is troubling, and [counsel's] failure to confer constitutes an alternative and independent reason to deny the motion.").

form may delay your receipt of the funds," and that they could expect a call back confirmation to verify and confirm the details of the wire request. *See* **Exhibit A**, Wire Request Form. Indeed, in negotiating the settlement terms, Citibank made clear that it would require certain additional documentation to support and authenticate the required wire transfer form. This is reflected in the Settlement Agreement, which provides specifically that the parties "agree that they will cooperate to effectuate and implement all terms and conditions of this Settlement Agreement, and exercise good faith efforts to accomplish the terms and conditions of this Settlement Agreement." *See* DE 33-1, Settlement Agreement ¶ XVI.

Citibank was required to pay Plaintiff within "twenty (20) days from **receipt of both the completed Wire Transfer Form and a copy of the Agreement** . . . subject to the terms set out in the Wire Transfer Form." *See* Settlement Agreement ¶ II(a)(2) (emphasis added). Thus, adequate completion of the wire transfer forms was a condition precedent to Citibank's performance. *Univ. Hous. by Dayco Corp. v. Foch*, 221 So. 3d 701, 704 (Fla. 3d DCA 2017) ("Conditions precedent to an **obligation to perform** are those acts or events, which occur **subsequently to the making of a contract**, that must occur before there is a right to immediate performance and before there is a breach of contractual duty") (emphasis added). Yet, in its Motion, Plaintiff does not affirm—nor could it—that it complied with this condition precedent. This is because at the time it filed its Motion, Plaintiff had failed to authenticate the signature of Mervyn Isted; instead, on October 2, 2023, Plaintiff provided the identification of an entirely different individual. Plaintiff made no subsequent efforts to provide adequate authentication for the signatory of the form—instead correcting the error today, on November 6, 2023. Citibank's performance obligation did not arise until the condition precedent—adequate completion of the wire transfer form—was met. Consequently, no payment obligation will arise

for another 20 days, until November 26, 2023 (assuming the authentication document is sufficient and acceptable to Citibank's wire transfer department).

## CONCLUSION

The parties reached an amicable resolution of this matter as memorialized in their Settlement Agreement. Plaintiff failed to wholly perform the conditions precedent to payment under the Settlement Agreement, only providing the necessary authentication documentation on November 6, 2023. Any issues with authentication could have been easily resolved between the parties, but Plaintiff failed to meet its obligation to confer in good faith with undersigned counsel to resolve the issues and cooperate in good faith to meet the terms of the Settlement Agreement—causing this issue to needlessly come before the Court. Plaintiff's Motion to Reopen and Enforce Settlement should be denied, not only due to Plaintiff's failure to confer, but also because Citibank never breached the Settlement Agreement.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of November, 2023, a true and correct copy of the foregoing has been furnished by the CM/ECF system to all attorneys of record.

Dated: November 6, 2023                                    Respectfully submitted,

By: */s/ Maria Castro Sanchez*
Edward M. Mullins
Fla. Bar No. 863920
emullins@reedsmith.com
Maria Castro Sanchez
mcastrosanchez@reedsmith.com
Fla. Bar No. 1031908
**REED SMITH LLP**
200 S. Biscayne Blvd., Floor 26
Miami, FL 33131
Telephone: (786) 747-0200
*Counsel for Defendant*